**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ACTION NISSAN, INC.,**

**Plaintiff,**

**v.** **Case No. 6:24-cv-332-NWH**

**FORD MOTOR COMPANY and HYUNDAI MOTOR AMERICA CORPORATION,**

**Defendants.**

**CASE MANAGEMENT AND SCHEDULING ORDER**

This matter is before the Court pursuant to the parties' consent to the exercise of civil trial jurisdiction by a United States Magistrate Judge under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Upon consideration of the parties' Case Management Report, and in order to secure the just, efficient, and inexpensive resolution of this matter, the Court enters this Case Management and Scheduling Order ("CMSO"):

| Event | Deadline |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1)) | **Immediately, if not previously completed** |
| Certificates of Interested Persons and Corporate Disclosure Statements | **Immediately, if not previously completed** |
| Motions to Add Parties or to Amend Pleadings | **Not applicable** |

| | |
|---|---|
| Mediation:<br>**Designated Lead Counsel is directed to contact opposing counsel, contact selected mediator and file a notice with the court within 14 days from the date of this order advising the court of the selected mediator and mediation date.**<br>Deadline:<br>Mediator: | **June 1, 2026**<br>**David H. Lichter** |
| Expert Witness Disclosures and Reports<br>Plaintiff:<br>Defendant:<br>Rebuttal (if any): | **January 23, 2026**<br>**February 27, 2026**<br>**March 23, 2026** |
| Discovery Deadline | **May 1, 2026** |
| Dispositive Motions, *Daubert*, and *Markman* Motions | **May 18, 2026** |
| Meeting *In Person* to Prepare Joint Final Pretrial Statement | **August 24, 2026** |
| Joint Final Pretrial Statement ("PTS") (including a single set of jointly proposed jury instructions, verdict form, voir dire questions, witness lists, and exhibit lists on approved form) and Trial Briefs<br>**—Case Prepared for Trial—**<br>**The parties must file the PTS (with all attachments) on CM/ECF and must e-mail editable copies of such documents (in Microsoft Word format) to chambers_flmd_hill@flmd.uscourts.gov. | **September 4, 2026** |
| Motions *in Limine* and any other Motions | **September 28, 2025** |

| | |
|---|---|
| Final Pretrial Conference: | **November 16, 2026**<br>**Courtroom 4D** |
| Trial Begins:<br><br>Estimated Length of Trial: | **December 7, 2026**<br><br>**10 days** |
| Jury/Non-Jury | **Jury** |
| Designated Lead Counsel<br>(pursuant to Local Rule 1.01(d)(9))<br><br>Attorney Name:<br><br>Telephone Number: | <br><br><br>**Nicholas Andrew Bader**<br><br>**(850) 942-4869** |

The purpose of this order is to discourage wasteful pretrial activities, and to secure the just, speedy, and inexpensive determination of the action. This order controls the subsequent course of this proceeding. Counsel and all parties (both represented and pro se) shall comply with this order, with the Federal Rules of Civil Procedure, with the Local Rules of the United States District Court for the Middle District of Florida, and with the Administrative Procedures for Electronic Filing ("Administrative Procedures"). A copy of the Local Rules and Administrative Procedures may be viewed at https://www.flmd.uscourts.gov. Counsel shall also comply with the rules governing the professional conduct of a member of The Florida Bar.

## I. DISCOVERY

**A. Certificate of Interested Persons and Corporate Disclosure Statement.** This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and a Corporate Disclosure Statement. The Court may deny or strike any filing—including an emergency motion—if the filing party has not filed and served the Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate shall do so within the time required by this order, or sanctions will be imposed.

**B. Discovery Not Filed.** The parties shall not file discovery materials with the Clerk except to support a motion or unless directed to do so by the Court. The parties are encouraged to provide electronic copies of all discovery requests they serve on a party or a non-party. The producing party shall conduct its production in the manner prescribed by the Federal Rules of Civil Procedure.

**C. Limits on Discovery.** Absent leave of Court, the parties may: (a) serve no more than <u>twenty-five (25) interrogatories</u>, including sub-parts (Fed. R. Civ. P. 33(a)(1)); and (b) take no more than <u>ten (10) depositions per side—not per party</u> (Fed. R. Civ. P. 30(a)(2)(A) & 31(a)(2)(A)). Absent stipulation of the parties or leave of the Court, each deposition is limited to one seven-hour day. Fed. R. Civ. P. 30(d)(1).

The parties may agree by stipulation on other limits on discovery within the context of the limits and deadlines established by this Case Management and Scheduling Order, but the parties may not alter the terms of this Order without leave of Court. See Fed. R. Civ. P. 29.

**D. Discovery Timing and Sequence.** Each party shall timely serve discovery requests so that the required response is due 20 days prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline.

**E. Disclosure of Expert Testimony.** On or before the date set forth in the above table for the disclosure of expert reports, the parties shall fully comply with Federal Rule of Civil Procedure 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, bases, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this Order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.

**F. Confidentiality Agreements.** The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for protective orders. The Court will enforce stipulated and signed confidentiality agreements. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing

of particularized need."

## II. MOTIONS

**A. Good Faith Conferral and Certification.** Before filing a motion not exempted under Local Rule 3.01(g), the moving party shall engage in a substantive conversation with the opposing party—in person or by telephone—in a good faith effort to resolve the issues raised by the motion without Court intervention. The Court expects that a party alleging that a pleading fails to state a claim will confer with counsel for the opposing party before moving to dismiss and will agree to an order permitting the filing of a curative amended pleading. Fed. R. Civ. P. 15. The term "counsel" in Rule 3.01(g) includes pro se parties acting as their own counsel, thus requiring movants to confer with pro se parties and requiring pro se movants to file Rule 3.01(g) certificates. A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. *See* Local Rule 3.01(g). The term "confer" in Rule 3.01(g)(1) requires a substantive conversation in person or by telephone in a good faith effort to resolve the motion without court action and does not envision an exchange of ultimatums by email. If the opposing party is unavailable before the motion's filing, the movant after filing must try diligently for three days to contact the opposing party. After either contact or expiration of the three days, the movant must supplement the motion with a statement certifying whether the parties have resolved all or part of the motion. Failure to timely supplement can result in denial of the motion without prejudice. Counsel must respond promptly to inquiries and communications from

opposing counsel, and the purposeful evasion of a communication under this rule can result in a sanction. Local Rule 3.01(g)(3). The Court will deny motions that fail to include an appropriate, complete Rule 3.01(g) certificate.

**IMPORTANT NOTICE**

The Court will strictly enforce the good faith conference and certification requirements. Failure to satisfy the duty to confer provides sufficient grounds for denial of a non-exempt motion and the imposition of sanctions. Further, the Court will strike any non-exempt motion that is filed without a compliant Certification.

**B. Page Limits and Courtesy Copies.** No party shall file a motion and supporting memorandum in excess of 25 pages or a response in excess of 20 pages except by permission of the Court. *See* Local Rules 3.01(a)–(c). Motions for relief from page limitations are disfavored and will not be granted without a specific showing of good cause.

**C. Pinpoint Citations Required.** In all filings that cite to or rely on evidentiary materials or legal authority, the filer shall provide <u>pinpoint citations</u> to the page that supports the fact or legal proposition at issue. General references to a deposition or case law are inadequate. <u>The Court may disregard any assertion of fact or law that is not supported by a pinpoint citation</u>.

**D. Extension of Deadlines.** Motions to extend the dispositive motions deadline or to continue the trial are disfavored and often denied. A motion for a continuance of the trial is subject to denial if it fails to comply with Local Rule 3.08.

The Court cannot extend a dispositive motion deadline to the eve of trial. **At least five (5) months are required before trial to receive memoranda in opposition to a motion for summary judgment and to research and resolve the dispositive motion sufficiently in advance of trial.**

Motions for an extension of other deadlines established in this order, including motions for an extension of the discovery period, are also disfavored. The deadline will not be extended absent a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 3.08. Failure to complete discovery within the time established by this Order shall not constitute cause for continuance. The filing of a motion for extension of time does not toll the time for compliance with deadlines established by Rule or Order.

**E. Motions to File Under Seal.** Maintaining judicial records under seal is an administrative burden and is contrary to the public's right to open judicial proceedings. Thus, motions to seal should be made sparingly and only after determining that: (1) the filing of each item to be sealed is necessary to a fair resolution of this matter; (2) the sealing of each items is necessary to protect an important right, such as the advantageous commercial advantage afforded by a trade secret or the privacy interests of vulnerable persons; and (3) the important right at issue cannot be satisfactorily protected by means other than sealing the record. Whether a document can be filed under seal is a separate issue from whether the parties agree a document is confidential, and motions to seal are disfavored.

**F. Protective Orders and Orders Compelling Discovery.** All parties are expected to abide by the Standing Order on Discovery Motions, No. 6:25-mc-24-Orl-NWH, and the Court may deny any motion that fails to conform with the Standing Order. The parties must be diligent in their discovery efforts and, subject to compliance with the good faith conference and certification requirements, must promptly raise any discovery dispute with the Court. Additionally, requests for leave to exceed word limits imposed by the Standing Order on Discovery Motions are <u>strongly disfavored</u> absent a showing of good cause.

**G. Emergency Motions.** The Court may consider and determine emergency motions at any time. Local Rule 3.01(f). Counsel should be aware that the designation "emergency" may cause a judge to abandon other pending matters in order to immediately address the "emergency." **<u>Few motions qualify as true emergencies.</u>** The Court will sanction any counsel or party who designates a motion as "emergency" under circumstances that are not a true emergency. It is not an emergency when counsel has delayed discovery until the end of the discovery period. Promptly after filing an emergency motion, counsel shall notify the Court by placing a telephone call to the Clerk's office and request that the Clerk notify the Court's chambers.

**H. *Daubert* and *Markman* Motions.** Any party seeking a ruling pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993) (concerning the admissibility of expert opinions) or pursuant to *Markman v. Westview Instruments, Inc.,* 517 U.S. 370 (1996) (concerning the interpretation of a

patent claim), should file and serve a motion requesting such relief on or before the summary judgment deadline established in this CMSO. The parties shall prepare a glossary of technical or scientific terms where appropriate for the Court.

**I. Motions for Summary Judgment.** Absent leave of the Court, no party shall file more than one (1) motion for summary judgment. Additionally, a motion for summary judgment must comply with the following limitations:

1. **Format and Supporting Materials.** A party's motion for summary judgment and supporting memorandum of law shall be presented in a single document of not more than twenty-five pages. This single document shall: (a) include a distinctly identified section specifying the material facts as to which the moving party contends there is no genuine issue for trial together with pinpoint citations to the record evidence; (b) include a memorandum of law with pinpoint citations to supporting legal authority; and (c) be accompanied by affidavits and other evidence in the form required by Fed. R. Civ. P. 56.

2. **Responses and Replies.** Within thirty days after being served with a summary judgment motion, an opposing party may file a Response that shall include a distinctly identified section specifying the material facts as to which the responding party contends there are genuine issues for trial together with pinpoint citations to the record evidence. Failure to timely file a Response may result in the entry of judgment for the movant without further proceedings.[1] Within fourteen days after being served with a Response, the moving party may file a reply memorandum, not exceeding ten pages.

3. **Under Advisement.** Unless a different date is set by the Court, motions for summary judgment are taken under advisement forty-five days from the date they are served. Unless specifically ordered, the Court will not hold a hearing on the summary judgment motion.

[1] *See Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984); *Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985) (*per curiam*); *see also* Fed. R. Civ. P. 56(c).

4. ***Pro Se* Litigants.** All requirements in this Order apply to *pro se* litigants as well as to parties represented by counsel.

**J. All Other Motions, Including Motions *in Limine*.** On or before the date established by this CMSO, the parties shall file and serve all other motions, including motions *in limine*. Absent leave of the Court, no party shall file more than one (1) omnibus motion *in limine*, not to exceed 25 pages. Local Rule 3.01(g) applies, and the parties shall confer to define and limit the issues in dispute.

## III. MEDIATION

To minimize costly pre-trial procedures in cases that may be equitably settled, and to secure the just, speedy, and inexpensive determination of this action, all parties shall participate in good faith in mandatory mediation. *See* Fed. R. Civ. P. 1; Fed. R. Civ. P. 16(a)(5).

**A. Last Date to Mediate.** The parties shall complete the mediation conference on or before the mediation date set in this CMSO. Neither the mediator nor the parties have authority to continue the mediation conference beyond this date except on express order of the Court. In a complex case, or a case involving multiple parties, the mediator has the authority to conduct the mediation in a series of sessions and in groups of parties so that mediation is complete by the last date to mediate.

**B. The Mediator.** This Court prefers to appoint the certified mediator, if any, chosen by the parties in their Case Management Report. If no such mediator has been named by the parties, the Court will appoint a mediator for them.

**C. Mediator's Authority.** Except as limited by this CMSO, the appointed mediator shall have all powers and authority to conduct a mediation and to settle this case as are described in Chapter Four of the Local Rules. In order to coordinate the mediation conference, the mediator may set an abbreviated scheduling conference prior to the scheduled mediation. At such time, the mediator may designate one or more coordinating attorneys to be responsible for conferring with the mediator regarding the mediation conference. If necessary, the coordinating attorney may coordinate the rescheduling of a mediation conference within the time allowed in this CMSO.

**D. Mediation Rules and Procedures.**

1. **Attendance and Settlement Authority Requirements.** Each attorney acting as lead trial counsel, and each party (and in the case of a corporate party, a corporate representative) with full authority to settle shall attend and participate in the mediation conference. In the case of an insurance company, the term "full authority to settle" means authority to settle for the full value of the claim or policy limit. Participants shall be prepared to spend as much time as may be necessary to settle the case. No participant may force the early conclusion of a mediation because of travel plans or other engagements. Only the Mediator, not the parties, can declare an impasse. The mediation shall be held in person unless the mediator and all parties agree to meet remotely. The Court will impose sanctions upon lead counsel and parties who do not attend and participate in good faith in the mediation conference.

2. **Case Summaries.** Not less than two days prior to the mediation conference, each party shall deliver a case summary to the mediator ("Summary"). The Summary shall: (a) concisely summarize the facts and issues of the case; and (b) if a corporate party is involved, identify the name and general job description of the employee or agent who will attend and participate with full authority to settle on behalf such corporate party.

3. **Confidentiality of Mediation Conference and Restrictions on Offers to Compromise.** Evidence of an offer to compromise a claim is not admissible to prove liability for or invalidity of the claim or its amount. Fed. R. Evid. 408 (includes evidence of conduct or statements made in compromise negotiations). All discussions, representations, and statements made at the mediation conference are privileged settlement negotiations. Except in a supplemental proceeding to enforce a settlement agreement, nothing related to the mediation conference shall be admitted at trial or be subject to discovery. *See* Fed. R. Evid. 408. A communication between a party and a mediator during a private caucus is also confidential, unless the party tells the mediator that it is not.

4. **Settlement.** If the parties reach a settlement during the mediation conference, the parties and their attorneys shall: (a) reduce the agreement to writing; (b) sign the written agreement in the presence of the mediator; and (c) promptly notify the Court of the settlement.

5. **Mediator's Report.** Within seven days of the conclusion of the mediation conference, the mediator shall file and serve a written mediation report stating whether all required parties were present, whether the case settled, and whether the mediator was forced to declare an impasse. The mediator also may report any conduct of a party or counsel that falls short of a good faith effort to resolve the case by agreement or fails to comply with this CMSO.

6. **Cost.** The parties must bear the cost of mediation equally unless the parties and the mediator agree otherwise. Local Rule 4.02(d).

## IV. PREPARATION FOR TRIAL

**A. In-Person Pre-Trial Meeting.** On or before the date established by this CMSO, lead trial counsel for all parties and any unrepresented parties shall meet together in person ("Pre-Trial Meeting") pursuant to Local Rule 3.06 in a good faith effort to discuss the following matters:

1. **Settlement.** The parties shall thoroughly and exhaustively discuss settlement of the action before undertaking the extensive efforts needed to conduct final preparation of the case for trial and to comply with the requirements of this CMSO.

2. **Stipulations.** The parties shall stipulate to as many facts and issues as possible. To assist the Court, the parties shall make an active and substantial effort to stipulate at length and in detail as to agreed facts and law, and to limit, narrow, and simplify the issues of fact and law that remain contested. Parties who have complied with this requirement in good faith will file a Joint Final Pretrial Statement listing far more agreed facts and principles of law than those that remain for determination at trial.

3. **Witnesses.** The parties shall prepare and exchange witness lists, which shall include the names and addresses of all witnesses and an indication of whether the witness is likely to be called.

4. **Exhibit Lists.** The parties shall prepare and exchange final exhibit lists on the Clerk's approved form (attached to this CMSO) bearing a description identifying each exhibit and sponsoring witness. Each party shall tag, mark, identify, examine, copy, and list all original trial exhibits (including actual document exhibits) that any party will offer in evidence or otherwise tender to any witness during trial. Any questions concerning the marking of exhibits or the creation of Exhibit Binders shall be directed to Courtroom Deputy Julie Reyes well in advance of trial.

5. **Good Faith Conferral.** The parties shall discuss and make a good faith effort to resolve disputes concerning: (a) admissibility of all exhibits; and (b) use of any demonstrative aids. The Court anticipates that the parties will agree to the admission of the bulk of the opposing parties' exhibits without objection and shall designate on the exhibit list the exhibits which the Court may admit without objection at trial. To the extent an objection to an exhibit or demonstrative aid cannot be resolved by the parties after diligent and good faith efforts, such objection shall be noted on the exhibit lists. Any objection that is not disclosed on the exhibit list is waived and will not be considered by the Court.

**IMPORTANT NOTICE**

The parties must be fully prepared for trial on the deadline set in this CMSO for filing the PTS. After that date, and particularly during the Pre-Trial Conference, the parties must demonstrate their readiness for trial. Failure to exhibit such readiness constitutes a violation of this CMSO.

**B. The Joint Final Pre-Trial Statement ("PTS").** On or before the date established in the above table, the parties shall file a Joint Final Pretrial Statement that strictly conforms to the requirements of Local Rule 3.06(b) and this Order. This case must be fully ready for trial at the time that the Joint Final Pretrial Statement is due. Lead trial counsel for all parties, or the parties themselves if unrepresented, shall sign the Joint Final Pretrial Statement. The Court will strike pretrial statements that are unilateral, incompletely executed, or otherwise incomplete. Inadequate stipulations of fact and law will be stricken. Sanctions may be imposed for failure to comply, including the striking of pleadings. At the conclusion of the final pretrial conference, all pleadings are deemed to merge into the Joint Final Pretrial Statement, which will control the course of the trial. Local Rule 3.06(b). The PTS must also include the following attachments:

1. **Exhibit Lists (Local Rule 3.07(b)).** The parties shall prepare joint and individual exhibit lists on the Clerk's approved form (attached to this CMSO). Unlisted exhibits will not be received into evidence at trial, except by order of the Court in the furtherance of justice. The PTS must have attached each party's exhibit list on the approved form listing each *specific* objection ("all objections

reserved" does *not* suffice) to each numbered exhibit that remains after full discussion and stipulation. Objections not made with specificity are waived.

2. **Witness Lists (Local Rule 3.06(b)).** The parties and counsel shall designate which witnesses will likely be called (the "A" List), and also designate which witnesses may be called (the "B" List) . Absent good cause, the Court will not permit over objection testimony from unlisted witnesses at trial. This restriction does not apply to true rebuttal witnesses (*i.e.,* witnesses whose testimony could not reasonably have been foreseen to be necessary). Records custodians may be listed but will not likely be called at trial, except in the rare event that authenticity or foundation is contested. For good cause shown in compelling circumstances, the Court may permit presentation of testimony in open court by contemporaneous transmission from a different location. Fed. R. Civ. P. 43(a).

3. **Deposition Designations and Color-Coded Transcripts.** The Court discourages the use of depositions, except for impeachment purposes. At the required meeting, counsel and unrepresented parties shall exchange the pages and lines of each deposition (except where used solely for impeachment) to be published at trial. The parties shall include in the Joint Final Pretrial Statement a page-and-line description of such testimony. Ten days prior to trial, the parties shall file color-coded deposition transcripts, in full-page format, with objections noted in the margins.

4. **Joint Proposed Jury Instructions and Verdict Form.** In cases to be tried before a jury, the parties shall attach to the PTS a single jointly proposed verdict form and a single set of jointly proposed jury instructions. The parties must number each proposed instruction and submit them in the order they are to be presented to the jury. The Court generally uses its own preliminary instructions; thus, the parties' jointly-proposed instructions should cover only the instructions that will be given at the close of the case. The Court prefers the Civil Pattern Jury Instructions approved by the United States Court of Appeals for the Eleventh Circuit.

If the parties are unable to resolve a dispute concerning a jury instruction despite a good faith effort to do so at the Pre-Trial

Meeting, the contested charge must be included with the jointly proposed jury instructions. A contested charge must: (i) be clearly-marked as contested; (ii) identify the party requesting the charge; and (iii) provide summaries of the parties' respective arguments and legal authority in favor of and against the Court's use of the contested instruction. The arguments and legal authorities should be provided immediately after the contested instruction. The Court will deny outright a proposed instruction that does not cite to supporting legal authority or is "slanted" in any way.

Finally, the parties should be considerate of their jury. Therefore, they should submit a concise and straightforward special verdict form. *See* Fed. R. Civ. P. 49(a).

5. **Voir Dire.** As an attachment to the PTS, the parties may include a single list of jointly proposed questions for the Court to ask the venire during voir dire.

**C. Email to Chambers.** On or before the date the parties file the PTS and Attachments with the Court, they also must provide the Court with editable copies of the following documents in Microsoft Word format: (1) the PTS; (2) the jointly proposed jury instructions; (3) the jointly proposed verdict form; and (4) any jointly proposed questions for the venire. These documents should be sent by electronic mail to chambers_flmd_hill@flmd.uscourts.gov.

**D. Responsible Parties.** All parties are responsible for holding the Pre-Trial Meeting and for filing and emailing the PTS and attachments in full compliance with this CMSO. Plaintiff's counsel (or Plaintiff if all parties are proceeding *pro se*) shall have the primary responsibility to coordinate such compliance. If only the plaintiff is proceeding *pro se*, then the defendant's counsel shall coordinate such compliance. If compliance with these requirements cannot be obtained after good faith efforts, the

party responsible for coordinating compliance must promptly notify the Court by written motion or request for a status conference.

**E. Trial Briefs.** Trial briefs may be filed with the Court on or before the deadline set in this CMSO. In the case of a bench trial, the parties are required to file and serve trial briefs with proposed findings of fact and conclusions of law, and they also must e-mail editable copies of the trial briefs in Microsoft Word format to chambers_flmd_hill@flmd.uscourts.gov.

**F. Final Pre-Trial Conference.** The Court will conduct a final pre-trial conference ("PTC") on the date set forth in this CMSO. Lead trial counsel and local counsel for each party, together with any unrepresented party, must attend in person unless previously excused by the Court. Since this case must be fully ready for trial at the time that the PTS is due, at the final PTC, all parties and their counsel must be prepared and authorized to take all acts necessary to facilitate the just, speedy, and inexpensive disposition of the action, including by: (1) admitting facts and documents to avoid unnecessary proof; (2) stipulating to the authenticity of documents; (3) eliminating frivolous, redundant, and unsupported claims and defenses; (4) formulating and simplifying the remaining issues; (5) arguing or otherwise disposing pending motions and unresolved evidentiary disputes; (6) obtaining advance rulings from the Court on the admissibility of evidence; (7) establishing reasonable limits on the time allowed for trial, including presenting evidence; and (8) addressing settlement. *See* Fed. R. Civ. P. 16(c)–(d).

## V. SANCTIONS

The Court may impose sanctions on any party or attorney: (1) who fails to attend and to participate actively in the meeting to prepare the PTS or who refuses to sign and file the agreed document; (2) who fails to attend the PTC or who is substantially unprepared to participate; (3) who fails to attend the mediation and actively participate in good faith, or who attends the mediation without full authority to negotiate a settlement, or who is substantially unprepared to participate in the mediation; or (4) who otherwise fails to comply with this CMSO. Sanctions may include but are not limited to an award of reasonable attorney's fees and costs, the striking of pleadings, the entry of default, the dismissal of the case, and a finding of contempt of court. *See* Fed. R. Civ. P. 16(f) and 37; Local Rule 2.04; 28 U.S.C. § 1927.

## VI. TRIAL

**A. Trial Materials and Exhibit Binders.** On the first day of a jury trial or non-jury trial, the parties shall provide to the Court two bench notebooks containing marked copies of all exhibits. The parties may contact Courtroom Deputy Julie Reyes to determine whether this requirement may be waived.

**IMPORTANT NOTICE**

The parties and their counsel shall carefully review Local Rule 5.03, which provides the minimal standards of Courtroom Decorum. The Court will strictly enforce these standards and rules of conduct during trial. In addition, the parties must be mindful not to waste the valuable time of the jurors and the Court. Sidebars should rarely be requested, and the Court will require that a party rest its case when it does not have a witness or exhibit available to present during the time set for trial.

**B. Conferral with Courtroom Deputy and Examination of the Courtroom Before Trial.** The parties are advised that: (a) the design of certain courtrooms may preclude the use of large exhibits and posters in a jury trial; and (b) the Court will not provide time during trial for counsel to familiarize themselves with the technology and equipment available in the Courtroom. Accordingly, prior to trial, the parties are DIRECTED to: (a) contact Courtroom Deputy Julie Reyes to discuss exhibits and equipment to be used during trial and to coordinate pre-trial access to the courtroom; and (b) become familiar with courtroom and the available technology equipment.

**C. Evidence Excluded and Objections Waived.** The Court WILL SUSTAIN an objection to the use or admission of any material or exhibit that was not: (i) timely and properly produced before the discovery deadline set in this CMSO; (ii) presented at the Pre-Trial Meeting; and (iii) included on the exhibit lists filed with the Court. The Court also will usually overrule objections that were not timely raised

and specifically stated on the exhibit lists or in a motion *in limine*. A general statement that a party "reserves" its objections is ineffective to avoid waiver.

Likewise, the Court will generally prohibit the parties from calling a witness to testify on direct examination at trial unless the witness was: (i) properly and timely disclosed during discovery; (ii) identified at the Pre-Trial Meeting; and (iii) included on a witness list filed with the Court.

The Court will also generally prohibit the parties from calling an expert witness to testify at trial unless: (i) the witness was timely identified as an Expert Witness in accordance with Rule 26(a)(2)(A); (ii) an Expert Report or Expert Disclosure was timely produced for the witness; and (iii) the witness was identified at the Pre-Trial Meeting and disclosed on an expert witness list filed with the Court. Further, on direct examination, the Court will strictly limit an expert witness's testimony to the matters that are fully and timely disclosed in an Expert Report or Expert Disclosure.

**D. Settlement.** Counsel shall immediately notify the Court upon settlement of any case. Local Rule 3.09(a). The parties shall notify the Court of any settlement or other disposition of the case which will eliminate the need for a jury by 11:30 a.m. on the last business day before the date scheduled for jury selection. Failure to provide such timely notice to the Court will subject each party to joint and several liability for jury costs. Regardless of the status of settlement negotiations, the parties shall appear for all scheduled hearings, including the PTC, and for trial, absent the filing of a stipulation of dismissal signed by all parties who have appeared in the action (or notice

of dismissal if prior to answer and motion for summary judgment). Fed. R. Civ. P. 41(a).

**Sanctions and *Ex Parte* Communications**

The parties are cautioned that the Court will diligently enforce this CMSO, and—when necessary—will exercise its inherent and explicit authority to sanction parties and attorneys who violate the letter or spirit of the Court's Rules and Orders. Except as provided in this CMSO, all *ex parte* communications concerning this action are prohibited—including telephone calls to Chambers with requests for information or guidance from the Court. Such requests raise constitutional and ethical concerns and should be unnecessary given the explicit instructions set forth in this CMSO and the wealth of information available on the Court's website. In the rare instance that a concern or question remains after careful consideration of such materials, the parties may request guidance from the Court in a motion filed with the Clerk of the Court.

**DONE** and **ORDERED** in Orlando, Florida, on December 8, 2025.

NATHAN W. HILL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

Enclosed:

Exhibit List Form [mandatory form]

# EXHIBIT LIST

______ **PLAINTIFF** ______ **DEFENDANT** ______ **JOINT**

______ **GOVERNMENT** ______ **COURT**

**CASE NO.** ______________________________

**STYLE:** ______________________________

| **EXHIBIT NO.** | **DATE IDENTIFIED** | **DATE ADMITTED** | **SPONSORING WITNESSES** | **OBJECTIONS / STIPULATED ADMISSIONS**[1] | **DESCRIPTION OF EXHIBIT** |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

[1] Use a code (e.g. "A"or "*") in this column to identify exhibits to be received in evidence by agreement without objections. Otherwise, specifically state each objection to each opposed exhibit. Please note that each date box on the left must be one inch wide to accommodate the Clerk's stamp.